IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| HAROLD B. WILSON, | |
| Plaintiff, | **8:20CV387** |
| vs. | |
| MICHELLE WILHELM, Warden, all in official & personal capacity; CHELSEA TRUBRSLY, Ast. Director of NSN, all in official & personal capacity; DR. DEAL, Chief Medical Officer DCS, all in official & personal capacity; and ROBERT MADSEN, Last Director of DCS, all in official & personal capacity, | **MEMORANDUM AND ORDER** |
| Defendants. | |

Plaintiff Harold Wilson, an inmate at the Nebraska State Penitentiary ("NSP"), brings this 42 U.S.C. § 1983 action against medical and administrative staff due to his alleged failure to receive medical treatment during elevator outages at the NSP. The court now conducts an initial review of the Complaint (Filing 1) to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e) and 1915A.

## I. SUMMARY OF COMPLAINT

In an extremely illegible Complaint, Plaintiff—who uses a wheelchair—appears to allege that the NSP suffered at least two elevator outages, which caused Plaintiff to miss dialysis for two four-day periods, resulting in serious illness. Plaintiff claims that when he became ill from missing dialysis, he was transported by gurney to a "dry cell" that had no electricity, television, or hospital bed. Plaintiff

alleges these types of cells are typically used for inmates with behavior problems, but he was placed there because he broke his walker.

Plaintiff requests injunctive relief ordering that he receive dialysis daily, even when the elevator is broken, and prohibiting Plaintiffs from putting him in a "dry cell."

## II. LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. *See* 28 U.S.C. §§ 1915(e) and 1915A. The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

# III.  DISCUSSION

Plaintiff challenges the conditions of his confinement at NSP (1) when he was denied medical treatment because of a broken elevator and (2) when he was placed in a "dry cell." A convicted prisoner's conditions of confinement are subject to scrutiny under the Eighth Amendment, under which a convicted and sentenced prisoner may be punished, as long as such punishment is not cruel and unusual. *Stearns v. Inmate Servs. Corp.*, 957 F.3d 902, 906 (8th Cir. 2020) (citing *Bell v. Wolfish*, 441 U.S. 520, 535 n.16 (1979)).

## A.  Inadequate Medical Care

To prove that Defendants were deliberately indifferent to Plaintiff's serious medical needs, Plaintiff must show "(1) he suffered from an objectively serious medical need, and (2) defendants knew of the need yet deliberately disregarded it. Deliberate indifference is more than negligence, more even than gross negligence . . .." *Johnson v. Leonard*, 929 F.3d 569, 575 (8th Cir. 2019) (internal quotation marks and citations omitted); *Gibson v. Weber*, 433 F.3d 642, 646 (8th Cir. 2006) (Eighth Amendment claim based on inadequate medical attention requires proof that officials knew about excessive risks to inmate's health but disregarded them and that their unconstitutional actions in fact caused inmate's injuries). "A serious medical need is one that has been diagnosed by a physician as requiring treatment, or one that is so obvious that even a layperson would easily recognize the necessity for a doctor's attention." *Schaub v. VonWald*, 638 F.3d 905, 914 (8th Cir. 2011)  (internal quotation and citation omitted).

Here, Plaintiff's Complaint refers to the facts that he had been a patient in a skilled nursing facility for 20 months with problems related to his dialysis, he has balance problems, he can only take a few steps with a cane, he is generally in a wheelchair, and he has very poor vision due to cataracts. Liberally construing Plaintiff's Complaint, this is adequate to allege an objectively serious medical need. However, Plaintiff fails to allege any facts indicating that the Defendants knew of

his serious medical needs, yet deliberately disregarded them. Rather, it appears plausible that Plaintiff was temporarily placed in a so-called dry cell so he could access dialysis treatment while the elevator was broken. Plaintiff will be given leave to correct this deficiency and clarify his allegations in an amended complaint, if he can truthfully do so.

## B.  Dry Cell

Separate from his allegedly poor medical treatment, Plaintiff also complains about the condition of the "dry cell" into which he was temporarily placed while the elevators were broken. The Eighth Amendment's prohibition against "cruel and unusual punishments" requires that prison officials provide humane conditions of confinement. "[P]rison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must 'take reasonable measures to guarantee the safety of the inmates.'" *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quoting *Hudson v. Palmer*, 468 U.S. 517, 526-27 (1984)). The Constitution "does not mandate comfortable prisons" or that prisons be "free of discomfort." *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981).

A prisoner asserting a conditions-of-confinement claim must identify the "deprivation of a single, identifiable human need such as food, warmth, or exercise," *Wilson v. Sieter*, 501 U.S. 294, 304 (1991), and "the risk that the prisoner complains of [must] be so grave that it violates contemporary standards of decency to expose *anyone* unwillingly to such a risk." *Helling v. McKinney*, 509 U.S. 25, 36 (1993). In general, "[t]o establish a conditions of confinement claim, a plaintiff must demonstrate (1) that the alleged deprivation was 'objectively, sufficiently serious' to result in the 'denial of the minimal civilized measure of life's necessities,' and (2) that the prison official whose action or omission caused the deprivation behaved with 'deliberate indifference to inmate health or safety.'" *Hamner v. Burls*, 937 F.3d 1171, 1178 (8th Cir. 2019) (quoting *Farmer*, 511 U.S. at 834). A prison official can be found deliberately indifferent if "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which

4

the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837.

Here, Plaintiff alleges that the "dry cell" had no electricity, television, or hospital bed. While Plaintiff's Complaint is hard to decipher, it appears he was placed in the dry cell for two separate periods of four days while the elevators were being repaired. He does not allege denial of the minimal civilized measure of life's necessities, nor does his placement in a cell where he could access dialysis while the elevator was broken indicate that prison officials disregarded a risk to Plaintiff's health; rather, it seems they sought to lessen such risk. Plaintiff will be given leave to correct these pleading deficiencies and clarify his allegations in an amended complaint, if he can truthfully do so.[1]

## C.  Capacity & Involvement of Defendants

Plaintiff sues each Defendant in their individual and official capacities for prospective injunctive relief and possibly for monetary damages (the latter being unclear due to the illegibility of Plaintiff's Complaint).

Plaintiff's claims against the Defendants in their official capacities for prospective injunctive relief are proper, as state officials sued in their official capacities for injunctive relief are "persons" under § 1983 because official capacity

---

[1] Plaintiff should note that even if he is able to supplement his allegations with facts stating an Eighth Amendment claim, ultimately prevailing will be difficult. *See Ferguson v. Cape Girardeau Cty.*, 88 F.3d 647 (8th Cir. 1996) (pretrial detainee's due process rights not violated by confinement to space of 30 square feet and use of floor mattress for 13 nights, and confinement did not constitute "punishment"; totality of circumstances supported existence of legitimate governmental interest based on short duration of confinement, necessity to keep detainee under observation for both his medical condition and general safety concerns, and amount of time detainee spent out of the cell); *Williams v. Delo*, 49 F.3d 442, 444-47 (8th Cir. 1995) (inmate's deprivation of clothes, running water, hygiene supplies, blanket, and mattress for four days did not violate inmate's Eighth Amendment rights).

actions for prospective relief are not treated as actions against the state. *Hafer v. Melo*, 502 U.S. 21, 27 (1991); *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989); *Kentucky v. Graham*, 473 U.S. 159, 167 n.14 (1985). Further, under the doctrine of *Ex parte Young*, a state's Eleventh Amendment immunity does not bar a suit against state officials when the plaintiff seeks only prospective relief for ongoing violations of federal rights. *Verizon Md. Inc. v. Public Serv. Comm'n of Md.*, 535 U.S. 635 (2002); *Ex Parte Young*, 209 U.S. 123 (1908). However, Plaintiff's monetary claims—to the extent there are any—against Defendants in their official capacities must be dismissed as barred by sovereign immunity. *Will*, 491 U.S. at 65-66; *Murphy v. State of Arkansas*, 127 F.3d 750, 754 (8th Cir. 1997).

Plaintiff appears to sue only wardens and directors and does not (from what the court can understand from the illegible Complaint) directly state how they were personally involved in the incidents at issue. "In the section 1983 context, supervisor liability is limited. A supervisor cannot be held liable, on a theory of respondeat superior, for an employee's unconstitutional actions." *Boyd v. Knox*, 47 F.3d 966, 968 (8th Cir. 1994). "Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft*, 556 U.S. at 676; *see Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where the plaintiff fails to allege the defendant was personally involved in or directly responsible for incidents that injured the plaintiff). If Plaintiff amends his Complaint, he should clearly indicate how each Defendant was *personally* involved in the incidents that allegedly injured Plaintiff or such Defendants will be dismissed from this action.

IT IS THEREFORE ORDERED:

1.    Plaintiff's claims for monetary damages against all Defendants in their official capacities are dismissed as barred by the Eleventh Amendment. Plaintiff's claims for prospective injunctive relief against all Defendants in their official

capacities and for monetary relief against all Defendants in their individual capacities shall go forward.

2.     Plaintiff shall have 30 days from the date of this Memorandum and Order to file an amended complaint that sets forth a viable claim against a proper defendant who was *personally involved* in (1) being deliberately indifferent to Plaintiff's serious medical needs and/or (2) temporarily placing Plaintiff in a "dry cell." If Plaintiff fails to file an amended complaint, or the court finds that the amended complaint is insufficient, this matter will be dismissed without further notice for failure to state a claim upon which relief may be granted. In his amended complaint, Plaintiff must identify each defendant by name and set forth all of Plaintiff's claims (and any supporting factual allegations) against that defendant. Plaintiff should be mindful to explain in his amended complaint what each defendant did to him, when the defendant did it, and how the defendant's actions harmed him.

3.     In the event Plaintiff files an amended complaint, Plaintiff shall restate the allegations of his original Complaint (Filing 1) and any new allegations. Failure to consolidate all claims ***into one document*** may result in the abandonment of claims. Plaintiff is warned that an amended complaint will supersede, not supplement, his prior pleadings.

4.     When preparing an amended complaint, Plaintiff shall take special care to **<u>LEGIBLY</u>** write or type his allegations, preferably with assistance from his caseworker or another inmate. If the court cannot decipher the allegations contained in the amended complaint, it will be forced to dismiss this matter.

5.     The court reserves the right to conduct further review of Plaintiff's claims pursuant to 28 U.S.C. §§ 1915(e) and 1915A in the event he files an amended complaint.

6.     The Clerk of the Court is directed to set the following pro se case management deadline: March 26, 2021—amended complaint due.

7

DATED this 24th day of February, 2021.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge